NO. 07-10-00505-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



DECEMBER
29, 2010

 



 

IN RE TOMMY DOMINGUEZ, RELATOR



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator,
Tommy Dominguez, has filed a “Motion to File Extraordinary Mandamus” requesting
this Court “conduct a (sic) evidentiary hearing, make findings of fact and
conclusions of law, . . . and reverse and remand for a new trial . . . .”  We deny the petition.

Texas
Rule of Appellate Procedure 52.3[1]
identifies the requirements for a petition for writ of mandamus[2]
filed in this court.  Dominguez has
failed to comply with these requirements. 
Rule 52.3(a) requires that a petition must include a complete list of
all parties and the names and addresses of all counsel.  Dominguez does not list the names of the
parties against whom he seeks mandamus relief apart from the identification of
Judge William D. Smith of the 84th Judicial District Court of
Hutchinson County in the “History of the Case” portion of his petition.  Rule 52.3(b) requires that the petition
include a table of contents with references to the pages of the petition and an
indication of the subject matter of each issue or point raised in the
petition.  Dominguez’s petition includes
no table of contents.  Rule 52.3(c)
requires that a petition include an index of authorities in which all
authorities cited in the petition are arranged alphabetically and the page(s)
upon which the authorities are cited is indicated.  Dominguez=s petition includes no index of authorities.  Rule 52.3(d) requires a statement of the case
that includes a concise description of the nature of the underlying
proceeding.  Dominguez=s petition does not contain a
statement of the case, and does not contain a concise description of the nature
of the underlying proceeding.[3]  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.  Dominguez’s petition includes no such
statement.  Rule 52.3(g) requires the
petition include a statement of facts supported by citation to competent
evidence included in the appendix or record. 
Dominguez’s petition does not include a statement of facts.  Rule 52.3(h) requires a clear and concise
argument for the contentions made, with appropriate citations to
authorities.  Dominguez’s argument is
reasonably clear and concise.  However,
the citations to legal authority included in the argument relate only to the
general requirements for mandamus relief rather than supporting the relief that
he seeks by his petition.  Rule 52.3(i)
requires the petition include a short conclusion that “clearly states the
nature of the relief sought.” 
Dominguez’s conclusion requests this Court to “conduct a (sic)
evidentiary hearing, make findings of fact and conclusions of law, . . . and
reverse and remand for a new trial . . . .” 
Clearly, as a reviewing court, we will not conduct an evidentiary
hearing nor make findings of fact and conclusions of law.  Further, we are aware of no authority that
would allow this Court to utilize its mandamus authority to reverse a judgment
and remand the case for a new trial and Dominguez fails to identify any
authority for such action.  Rule 52.3(j)
requires the person filing the petition to certify that he has reviewed the
petition and concluded that every factual statement in the petition is
supported by competent evidence included in the appendix or record.  Dominguez did not certify his petition.  Finally, Rule 52.3(k)(1)(A) requires that the
appendix to the petition include a certified or sworn copy of any order
complained of, or other document showing the matter complained of.  Dominguez has not included an appendix to his
petition.  As each of these items are
required in a petition for writ of mandamus and Dominguez has failed to comply
with these requirements, we may not grant the relief that he requests.

As
Dominguez=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3, we deny the petition.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

            








 











[1]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[2] While Dominguez’s filing is denominated a motion to
file a mandamus, the body of the document presents a petition for writ of
mandamus, and we will construe it as such.





[3] Dominguez’s petition appears to be a
collateral attack on the trial court’s alleged failure to appoint two attorneys
to represent Dominguez in a capital murder case in which the State sought the
death penalty.  Dominguez also references
at least one post-conviction petition for writ of habeas corpus that he filed
that appears to have raised this issue. 
It is unclear, however, which of these proceedings underlie the present
petition.